UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN B. EVANS, | : | |
| Plaintiff | : | No. 4:CV-04-2327 |
| vs. | : | (Complaint Filed 10/22/04) |
| | : | (Judge Muir) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**ORDER**

May 11, 2005

Plaintiff, an inmate currently confined in the Lee United States Penitentiary, Jonesville, Virginia, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. He complains of an incident which occurred while he was confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania. ("USP-Allenwood"). Presently pending before the court is defendant's motion to dismiss. For the reasons that follow, the defendant's motion will be granted.

**Statement of Facts**[1]

On October 7, 2003, while plaintiff was employed in the UNICOR factory at USP-Allenwood, it was discovered that a pair of eight-inch scissors were missing from the inmate tool inventory. A tool recall did not produce the tool. UNICOR managers decided that a strip search should be conducted in the inmate bathroom. The tool was not recovered. A massive search conducted by all inmate employees at UNICOR, did not produce the tool. Interviews in the UNICOR staff offices were conducted to try and determine the whereabouts of the missing tool. It was then determined that a more organized search would be required. Inmates were then led one at a time into the main corridor and a second strip search was conducted. Plaintiff alleges that the front wall of the main corridor is glass, which resulted in the search being conducted in plain view of the general population. Inmates were then directed to proceed single file through a metal detector back into the UNICOR factory.

---

1. The factual background is derived from plaintiff's complaint, as well as his Administrative Tort Claim, which was submitted as an exhibit in support of his complaint and is a precursor to suit in federal court. See 28 U.S.C. § 2675.

2

On April 19, 2004, plaintiff filed an Administrative Tort Claim with the Northeast Regional Office in Philadelphia, Pennsylvania, alleging that he was forced to strip search in front of many other inmates and staff at USP-Allenwood. He claimed that the search was in violation of Bureau of Prisons' policy and was a humiliating, demeaning and indecent act. For relief, he sought compensatory damages in the amount of $20,000.00. (Doc. No. 1, response to Tort Claim, attached to complaint).

On September 30, 2004, plaintiff's claim was denied because he failed to show that he "experienced a personal injury as the result of negligence on the part of any Bureau of Prisons' employee." Id.

On October 22, 2004, plaintiff filed the instant action in which he claims that the "search violated all B.O.P. Policy as in regard to a strip search" and that the "second subsequent search was done for the gratification of the S.I.S. staff and others." (Doc. No. 1, complaint at ¶ 11). For relief, plaintiff seeks damages in the amount of $20,000.00. Id.

3

**Standard of Review**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). All material allegations of the complaint must be accepted by the Court as true and construed in favor of the plaintiff. Allah vs. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Shaev vs. Saper, 320 F.3d 373, 375 (3d Cir. 2003). Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. Conley vs. Gibson, 355 U.S. 41, 45-46 (1957); Lum vs. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). However, the Court is not required to accept legal conclusions, either alleged or inferred, from the pleaded facts. Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). In Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on failure to state a claim, a court should "not inquire whether the plaintiffs will

4

ultimately prevail, only whether they are entitled to offer evidence to support their claims." When an unrepresented party is confronted by a motion to dismiss, the deciding court must be mindful of the well-settled principle that *pro se* complaints should be liberally construed, Haines vs. Kerner, 404 U.S. 519, 520 (1972), and that *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston vs. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson vs. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002); see also Estelle vs. Gamble, 429 U.S. 97, 107-108 (1976).

With these principles in mind the Court will address the defendant's motion to dismiss.

**Discussion**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States vs. Muniz, 374 U.S. 150, 150 (1963). In order to make out a prima facie case of negligence plaintiff

5

must show: 1) defendants owed a duty to him; 2) defendants' breach that duty; 3) defendants' breach proximately caused plaintiff's injury; and 4) damages were incurred by him. See Yosuf vs. United States, 642 F. Supp 415, 427 (M.D. Pa. 1986); Mahler vs. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).

However, pursuant to the FTCA, 28 U.S.C. § 1346(b)(2),

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without prior showing of physical injury.

28 U.S.C. § 1346(b)(2). In the instant action, while plaintiff alleges that the strip search caused him to be humiliated, he fails to allege that the defendant's conduct caused him any physical injury or harm. As such, the FTCA bars plaintiff from recovering any compensatory damages as a result of defendant's actions.

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (Doc. No. 14) is GRANTED.

2. Plaintiff's motion for a status check (Doc. No. 21) is DISMISSED as moot.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

        s/Malcolm Muir
        _____
        MUIR
        United States District Judge